(27 Misc. Rep. 546.)

## CRAIG et al. v. BLAKE et al.

. (Supreme Court, Appellate Term.   May 24, 1899.)

MECHANIC'S LIEN—PAYMENT OF CONTRACTOR—RIGHTS OF MATERIAL MAN.
   A contractor was unable to procure material on his own credit, and the owner agreed with him and the proposed material man to pay for it to the amount of the contract. The material was delivered, and the owner gave the material man his note for half the amount, and subsequently his note for the remainder. Between the dates of the giving of the notes, plaintiffs filed a mechanic's lien. *Held*, that the owner was not indebted to the contractor, having become obligated to pay his debt, and the property was not subject to a lien.

.Appeal from municipal court, borough of Manhattan, First district.
   Action by Thomas Craig and Edward C. Cook against Robert Blake, impleaded with Josiah H. Lindsay, to foreclose a mechanic's lien. Judgment for plaintiffs, and defendants appeal. Reversed.
   Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-TRITT, JJ.

   John L. Sullivan, for appellants.
   Phillips & Avery, for respondents.

   MacLEAN, J.   Defendant Lindsay orally agreed to do the plumbing in defendant Blake's new house for $4,500, of which the sum of $2,100 was to be for the labor and the sum of $2,400 was to be for the materials.   All of the sum of $2,100 for the labor was expended therefor, excepting $15, about which no question is made.   It soon transpired that defendant Lindsay could not obtain the material from the manufacturer upon his own credit, and so, at the instance of the manufacturer and of Lindsay, defendant Blake entered into direct relation with the manufacturing company, to which he wrote: "I will be responsible for material delivered to Mr. Lindsay on my job, 142nd & Lenox Ave., to the amount of $2,400.   My contract is half cash and note, payment to be made as the work progresses.   You can draw on me with Mr. Lindsay's order."   Thus the defendant Blake undertook to pay the manufacturer, and not defendant Lindsay directly, for the material as delivered, up to the full sum agreed upon for the material.   The delivery of the material had been completed, and the obligation of defendant Blake to pay the full sum of $2,400 had become fixed, by or before September 9th.   On that day the manufacturer demanded payment, and Blake gave him, as agreed, the note for one-half the amount due, but the other half he promised to pay when he had placed his loan; and on the 29th of September, the loan being delayed, Blake gave a note for that half or balance,— $1,200.   Between these dates—namely, on the 19th—the plaintiffs, who had furnished material to Lindsay filed a lien upon Blake's prop-

erty. This was bootless. As Lindsay, the contractor, had nothing to claim from the owner, his creditors could claim nothing from the owner, and there was no excuse for filing the lien. Judgment should be reversed, with costs to the appellant.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.

LEVENTRITT, J. (concurring). Under the agreement the defendant Blake was not obligated to pay the sum of $2,400, to the McShane Manufacturing Company, but, on the contrary, his liability was limited to the value of the plumbing material actually furnished by it for the building on 142d street and Lenox avenue. Some evidence was introduced on the trial warranting an inference that the notes of Blake representing his indebtedness to the manufacturing company included the value of materials furnished for some other job. If the plaintiffs can succeed in establishing that Blake is not accountable to the McShane Manufacturing Company for the full sum of $2,400 for materials supplied by it to the premises for which the plaintiffs furnished the laundry tubs, their lien would attach to the balance. As the record now stands, however, the judgment must be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.

FREEDMAN, J., concurs.